FILED

2017 Nov-06  AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SUMITON TIMBER COMPANY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:2:17-cv-01846-JEO** |
| | ) | |
| **JEFFERSON COUNTY, ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

Applicant Sumiton Timber Company, Inc. ("Sumiton Timber"), the Plaintiff in the above-styled declaratory judgment action, respectfully requests this Court to exercise its equitable powers in accordance with Fed. R. Civ. P. 65(b) and issue a temporary restraining order prohibiting Defendant Jefferson County, Alabama ("Defendant" or "County"), along with its agents, attorneys, employees, successors or assigns, from taking any action to enforce the land use restriction referenced in Zoning Ordinance Amendment Z-88-023 (Ex. A), including but not limited to the imposition of criminal fines or imprisonment, until such time as a preliminary injunction hearing may occur.   In support of this Application, Applicant relies upon the Affidavits of Alphonso J. Leo and Shannon Humphrey (attached hereto as Exs. B and C respectively) and states as follows:

### STATEMENT OF FACTS

1.      Sumiton Timber is the owner of real property situated in Jefferson County, Alabama, described by the County as "Parcel ID #5-35-0-0-14 in Sec 35 Twp 15 Range 5W"

(the "Property"). (Ex. B at ¶ 3). The Property is approximately 4.5 acres and contains a spur track off of the Norfolk-Southern rail line. *Id.*

2.      Sumiton Timber has entered into a lease of the Property pursuant to which its tenant, Big Sky Environmental, LLC ("Big Sky"), is using the Property as a rail yard to offload sealed intermodal shipping containers of sludge from rail cars onto intermodal chassis trailers by a container-handling lift truck. The sealed and undisturbed containers are then transported by truck to a landfill for proper disposal and/or beneficial usage (composting). (Ex. B at ¶ 4; Ex. C at ¶ 4).

3.      The containers offloaded at the Property have traveled through interstate commerce. (Ex. C at ¶ 6).

4.      The business of Big Sky on the Property is fully compliant with all applicable laws and regulations. (Ex. C at ¶ 8).

5.      The County, however, maintains that the business of Big Sky violates a restriction placed on the Property in 1988 by Jefferson County Zoning Ordinance Amendment Z–88–23 (the "Zoning Ordinance"). (Ex. B at ¶¶ 5, 7; Ex. C at ¶¶ 5, 7).

6.      In 1988, while the Property was owned by Georgia Kraft Co., the County rezoned the Property from A-1 (Agriculture) to I-3 (Industrial) conditioned on a restrictive covenant being placed on the Property limiting its use to a "PULPWOOD YARD ONLY" (the "Restrictive Covenant"). (Ex. B at ¶ 6).

7.      After an August 3, 2017 inspection, Defendant noted Big Sky's operation as a violation of the restriction in Z-88-023 and threatened Sumiton Timber with criminal fines and imprisonment if Big Sky failed to take corrective measures (i.e., "Property must be rezoned or operations cease") within 14 days. (Ex. B at ¶ 7; Ex. C at ¶ 7).

8.     Then, in an October 23, 2017 letter addressed to Sumiton Timber and copied to Big Sky, Defendant further notified Plaintiff of the alleged zoning violation and again threatened the imposition of criminal fines and imprisonment. (Ex. B at ¶ 8).

9.     The Property has not been used as a pulpwood yard since 1994 due to dramatic changes in the pulpwood business. No paper mills are in close enough proximity to make use of the Property exclusively as a pulpwood yard practical or economically viable. (Ex. B at ¶ 9).

10.    In fact, since Sumiton Timber acquired title in 1994, the Property has been used for, among other things, the hauling and storage of scrap metal, railroad ties, and old cars. (Ex. A at ¶ 10).

**ARGUMENT**

## I.     <u>Sumiton Timber is Likely to Prevail on the Merits.</u>

11.    A temporary restraining order is appropriate in this case because Sumiton Timber has a substantial likelihood of prevailing on the merits of its claims. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (identifying the four factors for determining whether a TRO or preliminary injunction should be granted).

12.    By attempting to enforce an unreasonable restriction on the use of land that contains a rail spur, Defendant is impermissibly attempting to regulate rail transportation and the operation of a rail spur and its facilities in contravention of The Interstate Commerce Commission Termination Act ("ICCTA"). 49 U.S.C. § 10101 (2012), *et seq.*

13.    Section 10501(b) of the ICCTA provides the Surface Transportation Board with *exclusive* jurisdiction over "the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State." Furthermore, § 10501(b) provides

- 3 -

that "the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

14.     Furthermore, Defendant cannot show that the restriction in Z-88-023 is reasonably related to the health, safety, morals, and general welfare of the community. Such restrictions amount to unconstitutional interferences with property rights and must be stricken as arbitrary and unreasonable. *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1439 (11th Cir. 1984) (upholding a district court's striking of a zoning ordinance where the court found its implementation was arbitrary and capricious because municipality used the ordinance, under pressure of its citizens, to prevent plaintiff from building under an otherwise valid permit).

15.     Here, Sumiton Timber is substantially likely to prevail on the merits of its claims under the ICCTA because the County's arbitrary enforcement of the Z-88-023 restriction effectively regulates rail transportation and the operation of a rail spur and its facilities.

16.     Additionally, Sumiton Timber is substantially likely to prevail on its constitutional claims because Defendant's Z-88-023 restriction is unique to the Property; it has no rational relation to the health, safety, or welfare of the public; and it is being arbitrarily enforced now, nearly 25 years since the restriction has held any relevance to the Property.

**II.     Sumiton Timber will Suffer Irreparable Injury in the Absence of a TRO and Subsequent Preliminary Injunction.**

17.     Defendant has already threatened Sumiton Timber with criminal prosecution as the owner of the Property on at least two occasions. (Ex. A at ¶¶ 7–8).

18.     The Eleventh Circuit routinely finds a likelihood of irreparable harm where plaintiff is threatened with or subject to criminal penalties or prosecution, especially where the penalty is in conflict with a federal regulatory scheme. *See, e.g.*, *Georgia Latino Alliance for Human Rights v. Governor of Georgia*, 691 F.3d 1250, 1269 (11th Cir. 2012) (upholding a

- 4 -

district court finding of likely irreparable harm where plaintiffs were under threat of prosecution under state laws that conflicted with the federal immigration regulatory scheme); *Planned Parenthood SE, Inc. v. Bentley*, 951 F. Supp. 2d 1280, 1288–89 (M.D. Ala. 2013) (noting that a threat of prosecution indicates a likelihood of irreparable harm if not enjoined and collecting numerous 11th Circuit District Court opinions holding the same).

19.     Accordingly, Defendant's threat of imminent prosecution of Sumiton Timber easily demonstrates the likelihood that Sumiton Timber will suffer irreparable harm if a TRO is not issued by this Court.

**III.   Any Potential Injury to Defendant in Preventing it from Enforcing an Unreasonable Zoning Restriction that it has Declined to Enforce for Nearly a Quarter of a Century is Clearly Outweighed by the Irreparable Harm Likely to Result if Defendant is Permitted to Arbitrarily Enforce it Now with Criminal Penalties.**

20.     Sumiton Timber's tenant is a licensed entity engaged in a lawful business that is compliant with all environmental regulations.

21.     Defendant is attempting to enforce an unreasonable restriction unique to Sumiton Timber's land that would arbitrarily prohibit *all* uses of the Property. (Ex. B at ¶ 9).

22.     Sumiton Timber's tenant, Big Sky, is engaged in a business that is otherwise permissible under the Property's existing I-3 zoning classification. (Ex. C at ¶¶ 9–10).

23.     Permitting Big Sky to continue its operations can hardly impose an injury (much less an injury equivalent to criminal prosecution) where the Defendant regularly engages in exactly the same activity by transporting its own sludge from across the county to be deposited in a land fill in the same or similar manner. (*See* Ex. C at ¶ 10).

24.     Any potential injury is slight in comparison to criminal sanctions for permitting the operation of a lawful and ordinary business.

**IV.**    **Entry of Relief Will Serve the Public Interest by Upholding a Constitutional Right.**

25.    "It is always in the public interest to prevent violation of a party's constitutional rights." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson*, 274 F.3d 377, 400 (6th Cir. 2001).

26.    Simply put, the public has an interest in the validity of zoning ordinances, but it also has an interest in ensuring that those ordinances are enacted and enforced in a constitutional manner.

27.    The restriction in Z-88-023, and Defendant's threatened enforcement thereof, is arbitrary and capricious and interferes with Sumiton Timber's constitutional right to be free from unreasonable restrictions on the use of its property.

28.    The undersigned has, on this day, caused a copy of this Application to be served by hand upon the CEO of Jefferson County, and provided a courtesy copy of the same via email. In the event that service is ineffective or the County fails to appear at a hearing on this Application, an ex parte temporary restraining order is appropriate and necessary to preserve the status quo and prevent irreparable harm to Sumiton Timber for 14 days or until the Court may set a hearing on preliminary injunction.

WHEREFORE, Sumiton Timber respectfully requests this Court to temporarily enjoin Jefferson County, Alabama, its agents, attorneys, employees, successors and assigns, from taking any action to enforce the land use restriction referenced in Zoning Ordinance Amendment Z-88-023 (Ex. A), until such time as a preliminary injunction hearing may occur.

*[signature on the following page]*

- 6 -

Respectfully submitted by,

//s// Michael B. Odom
Michael B. Odom (asb-9033-d59m)
Frederick D. Clarke (asb-0368-f20m)
Attorneys for Plaintiff
Sumiton Timber Company, Inc.

OF COUNSEL:

Rumberger, Kirk, & Caldwell, P.C.
Renasant Place
2001 Park Place, Suite 1300
Birmingham, Alabama 35203
Telephone: 205.327.5550
Fax: 205.326.6786

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 6th day of November, 2017 served a true and correct copy of the foregoing on the following via the Court's CM/ECF electronic filing system and by hand-delivery and email:


Jefferson County, Alabama
c/o Tony Petelos, Chief Executive Officer
Suite 251
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203

/s/Michael B. Odom
OF COUNSEL

10639366.1

# EXHIBIT A

**JEFFERSON COUNTY COMMISSION**



DAVID ORANGE · PRESIDENT
REUBEN DAVIS
JIM GUNTER
DR. JOHN KATOPODIS
CHRIS McNAIR

**JIM GUNTER — COMMISSIONER**
Community and Economic Development

Office of
O. C. MOON
Land and Zoning Administrator
Land Development
201-A Courthouse
Birmingham, Alabama 35263-0005
Telephone (205) 325-5591

May 4, 1988

Georgia Kraft Co.
Ted P. Swope, Executive Officer
P. O. Box 615
Cedartown, GA 30125

Dear  Applicant:

At their regular meeting held on Tuesday,  May 3, 1988  the
Jefferson County Commission  approved  your request for rezoning as
shown below.

Z-88-23          Georgia Kraft Co., Ted P. Swope, Executive President.
Change of zoning on Parcel ID #5-35-0-0-14 in Sec 35 Twp
15 Range 5W from A-1 (Agriculture) to I-3 (Industrial)
for compliance-pulp wood yard.  (Site Location:  5570
Snowville-Brent          Road,          Dora,          AL          35062)
(KILGORE/HOLLISTOWN)
(4.5 acres M/L)

RESTRICTIVE COVENANT:  PULPWOOD YARD ONLY

Yours very truly,

O. C. Moon
O. C. Moon
Land & Zoning Administrator

OCM:pc

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

SUMITON TIMBER COMPANY, INC.,   )
                                    )
      **Plaintiff,**                  )
                                    )
**v.**                                  )
                                    )   **Case No.:2:17-cv-01846-JEO**
**JEFFERSON COUNTY, ALABAMA,**   )
                                    )
      **Defendant.**               )
                                    )

## AFFIDAVIT OF ALPHONSO J. LEO

STATE OF ALABAMA     )

JEFFERSON COUNTY     )

Alphonso J. Leo, being duly sworn, deposes and states as follows:

1.    My name is Alphonso J. Leo. I am over the age of nineteen (19) years and am competent to testify to the matters contained herein. I have personal knowledge of the facts contained herein.

2.    I am president of Sumiton Timber Company, Inc. ("Sumiton Timber").

3.    Sumiton Timber is the owner of real property situated in Jefferson County, Alabama, described by the County as "Parcel ID #5-35-0-0-14 in Sec 35 Twp 15 Range 5W" (the "Property"). The Property is approximately 4.5 acres and contains a spur track off of the Norfolk-Southern rail line.

4.    Sumiton Timber has entered into a lease of the Property pursuant to which its tenant, Big Sky Environmental, LLC ("Big Sky"), is using the Property as a rail yard

to offload sealed intermodal shipping containers of sludge from rail cars onto intermodal chassis trailers by a container-handling lift truck.

5.      Jefferson County (the "County"), however, maintains that the business of Sumiton Timber's tenant violates a restriction placed on the Property in 1988 by Jefferson County Zoning Ordinance Amendment Z–88–23 (the "Zoning Ordinance").

6.      In 1988, while the Property was owned by Georgia Kraft Co., the County rezoned the Property from A-1 (Agriculture) to I-3 (Industrial) conditioned on a restrictive covenant being placed on the Property limiting its use to a "PULPWOOD YARD ONLY" (the "Restrictive Covenant").

7.      After an August 3, 2017 inspection, the County noted Big Sky's operation as a violation of the restriction in Z-88-023 and threatened Sumiton Timber with criminal fines and imprisonment if Big Sky failed to take corrective measures (i.e., "Property must be rezoned or operations cease") within 14 days. (Ex. 1).

8.      Then, in an October 23, 2017 letter addressed to Sumiton Timber and copied to Big Sky, the County further notified Sumiton Timber of the alleged zoning violation and again threatened the imposition of criminal fines and imprisonment. (Ex. 2).

9.      The Property has not been used as a pulpwood yard since 1994 due to dramatic changes in the pulpwood business. No paper mills are in close enough proximity to make use of the Property exclusively as a pulpwood yard practical or economically viable.

10.    In fact, since Sumiton Timber acquired title in 1994, the Property has been used for, among other things, the hauling and storage of scrap metal, railroad ties, and old cars.

_Alphonso J Leo_
Alphonso J. Leo

Sworn to and subscribed before me this the ___3___ day of November, 2017.

_Ally Boar Wilms_
NOTARY PUBLIC
My Commission Expires: _3 | 8 | 21_

# EXHIBIT 1 TO EXHIBIT B

 

# LAND DEVELOPMENT AND PLANNING SERVICES
## INSPECTION FORM

SITE I.D. # _____

Job Address: __5566 Snowville Brent Rd__  GPS -Lat. _____ Long. _____
(Decimal Degrees)

P.I.D. __05__-__35__-__0__-__000__-__014__.__000__  was inspected on __8__/__3__/__2017__
(DATE)

- [ ] **Is in COMPLIANCE and no action is necessary**
- [x] **Is in VIOLATION of the following regulation:**
- [ ] **Final Inspection of the following regulation:**
  - [ ] **EROSION and SEDIMENT CONTROL ORDINANCE**
  - [ ] **ZONING/SUBDIVISION ORDINANCE**
  - [ ] **WEED and LITTER ORDINANCE**
  - [ ] **FLOODPLAIN ORDINANCE**

**CODE #** __2061__ ___/___ ___/___ ___/___ ___/___ ___/___ ___/___
### (CODES LOCATED ON BACK OF FORM)

---

### YOU ARE HEREBY NOTIFIED TO
- [x] **TAKE CORRECTIVE MEASURES;**
- [ ] **CEASE AND DESIST AND/OR REMOVE THE VIOLATION LISTED;**
- [ ] **STOP WORK;**

## *IMMEDIATELY OR PROSECUTION WILL BE INITIATED!*

---

This notice delivered to/posted on __Shannon Humprey__ @ __8__:__49__ [x] AM [ ] PM
(Name or location)                                              (Time)

Owner/Violator Name __Big Sky__   Contacted [x] [ ] person [x] phone ___ E-mail ___

__Benny Sorrell__   (205) __325__-__5638__   __Benny Sorrell__
(Print Inspector Name)      (Phone Number)      (Inspector Signature)

### COMMENTS
__Z-88-023 restrictive covenants state property is to be used as a pulpwood yard only. Property is being used for the purpose of transferring + distribution of sludge. Property must be rezoned or operations cease. Contact Michael Morrison @ 325-5638 for further information within 14 days.__

# of Photos _____ [ ] DL [ ] INITIAL  ALT # _____

*One (1) Form per Job Site Inspection*

**Penalties:** ZONING in accordance with act 630 general acts of 1967 a fine not more than $100.00 or 10 days in jail for EACH violation EACH day, WEED AND LITTER in accordance with Title 13A Criminal Code of Alabama 1975 13-3-4(c) 13A-5-7(b) 13A-5-12(b) a fine not exceed $200.00 and imprisonment in the county jail not to exceed 30 days Each day is a separate violation; EROSION CONTROL in accordance with Alabama code 11-45-9 a fine not less than $50.00 and more than $500.00 and imprisoned or sentenced to hard labor for a period not to exceed six months for each day of violation; FLOODPLAIN in accordance with act 119, Special Session 1971, fined not more than FIVE-HUNDRED DOLLARS($500.00) per violation, and in addition shall pay all costs and expenses involved in the case EACH and EVERYDAY a separate violation

# EXHIBIT 2
# TO
# EXHIBIT B

# JEFFERSON COUNTY COMMISSION

**TONY PETELOS – COUNTY MANAGER**



JAMES A. "JIMMIE" STEPHENS - PRESIDENT
SANDRA LITTLE BROWN – PRESIDENT PRO-TEMPORATE
GEORGE BOWMAN
DAVID CARRINGTON
T. JOE KNIGHT

**DEPARTMENT OF DEVELOPMENT SERVICES**
**Zhaleh M. McCullers, Interim Director**
Room B-200 - Courthouse
716 Richard Arrington, Jr. Boulevard North
Birmingham, Alabama 35203-0005
Telephone: 205-325-5638

OCTOBER 23, 2017

SUMITON TIMBER COMPANY
P O BOX 147
SUMITON, AL 35148

RE:     **Complaint Number:**   11020
        **PID #**                05-35-0-000-014000
        **Zoned:**               I-3
        **PROPERTY LOCATION:**
        5566 SNOWVILLE BRENT ROAD
        DORA, AL 35062

Attention Property Owner:

A complaint has been received that the following violation(s) exist on property that is assessed in your name/under your control:

**ZONING - VIOLATION OF ZONING CASE COVENANTS**

To comply with weed and litter ordinance and/or zoning regulations and/or subdivision regulations, you must:

**CEASE OPERATION OF THE UNAPPROVED BUSINESS IN THIS ZONING DISTRICT**
**CORRECT VIOLATION(S) OF THE ZONING CASE COVENANTS**
**CONTACT OUR OFFICE FOR ADDITIONAL INFORMATION @ 205-325-5638.**

Please be aware that if it is determined that the above listed conditions exists on property assessed in your name/under your control the following statue(s) will apply:

Pursuant to the authority provided by Amendment No. 497, Constitution of Alabama 1901, and/or Act No. 87-758 and/or Act No. 89-527, adopted as Jefferson County Weed and Litter Ordinance, and/or Acts 344, General Acts of 1948 as amended by Act 422, General Acts of 1949 and/or Sections 954 through 960 of title 2 of Subdivision 27 of Volume 14 Appendix to the Code of Alabama, you are hereby notified that you are in violation;

Violators and/or property owners are subject to fines and imprisonment (Not to exceed $200.00 per offense, per day, and 30 days in the county jail) Ordinance No. 1188/1223

Please contact Enforcement at 205-325-5638 or e-mail Contact_Zoning@jccal.org upon receipt of this notice to discuss this matter.

CC:  Big Sky Environmental, 5100 Flat Top Road, Adamsville, AL  35005

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUMITON TIMBER COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:2:17-cv-01846-JEO |
| | ) | |
| JEFFERSON COUNTY, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### AFFIDAVIT OF SHANNON HUMPHREY

STATE OF ALABAMA          )

JEFFERSON COUNTY          )

Shannon Humphrey, being duly sworn, deposes and states as follows:

1.      My name is Shannon Humphrey.  I am over the age of nineteen (19) years and am competent to testify to the matters contained herein.  I have personal knowledge of the facts contained herein.

2.      I am the operations manager of Big Sky Environmental, LLC ("Big Sky").

3.      Sumiton Timber Company, Inc. ("Sumiton Timber") is the owner of real property situated in Jefferson County, Alabama, described by the County as "Parcel ID #5-35-0-0-14 in Sec 35 Twp 15 Range 5W" (the "Property"). The Property is approximately 4.5 acres and contains a spur track off of the Norfolk-Southern rail line.

4.      Big Sky has entered into a lease of the Property from Sumiton Timber pursuant to which Big Sky is using the Property as a rail yard to offload sealed intermodal shipping containers of sludge from rail cars onto intermodal chassis trailers by a container-handling lift

truck. The sealed and undisturbed containers are then transported by truck to a landfill for proper disposal and/or beneficial usage (composting).

5.    Jefferson County (the "County"), however, maintains that Big Sky's business violates a restriction placed on the Property in 1988 by Jefferson County Zoning Ordinance Amendment Z–88–23 (the "Zoning Ordinance").

6.    The containers offloaded at the Property have traveled through interstate commerce.

7.    After an August 3, 2017 inspection, the County noted Big Sky's operation as a violation of the restriction in Z-88-023 and threatened Sumiton Timber with criminal fines and imprisonment if Big Sky failed to take corrective measures (i.e., "Property must be rezoned or operations cease") within 14 days. (Ex. 1).

8.    Big Sky's operation on the Property is fully compliant with all applicable laws and regulations.

9.    Big Sky's operation on the Property is otherwise permissible under the Property's existing I-3 zoning classification.

10.    The County regularly engages in exactly the same activity by transporting its own sludge from across the county to be deposited in a land fill in the same or similar manner.

Shannon Humphrey

Sworn to and subscribed before me this the 3RD day of November, 2017.

NOTARY PUBLIC
My Commission Expires: 3/8/21

10636824.1

# EXHIBIT 1
# TO
# EXHIBIT C

 

# LAND DEVELOPMENT AND PLANNING SERVICES
## INSPECTION FORM

SITE I.D. #_____

Job Address: __5566 Snowville Brent Rd__   GPS -Lat. _____ Long. _____
(Decimal Degrees)

P.I.D. __05__-__35__-__0__-__000__-__014__.__000__   was inspected on __8__ / __3__ / __2017__
(DATE)

- [ ] **Is in COMPLIANCE and no action is necessary**
- [x] **Is in VIOLATION of the following regulation:**
- [ ] **Final Inspection of the following regulation:**
  - [ ] **EROSION and SEDIMENT CONTROL ORDINANCE**
  - [ ] **ZONING/SUBDIVISION ORDINANCE**
  - [ ] **WEED and LITTER ORDINANCE**
  - [ ] **FLOODPLAIN ORDINANCE**

CODE # __2061__ / ____ / ____ / ____ / ____ / ____ / ____
(CODES LOCATED ON BACK OF FORM)

---

### YOU ARE HEREBY NOTIFIED TO
- [x] **TAKE CORRECTIVE MEASURES;**
- [ ] **CEASE AND DESIST AND/OR REMOVE THE VIOLATION LISTED;**
- [ ] **STOP WORK;**

### *IMMEDIATELY OR PROSECUTION WILL BE INITIATED!*

---

This notice delivered to/posted on __Shannon Humprey__   @ __8__ : __49__ [x] AM [ ] PM
(Name or location)                                    (Time)

Owner/Violator Name __Big Sky__   Contacted [x] N [ ] person [x] phone [ ] E-mail

__Benny Sorrell__   (205) __325__ - __5638__   __Benny Sorrell__
(Print Inspector Name)   (Phone Number)   (Inspector Signature)

### COMMENTS
Z-88-023 restrictive covenants state property is to be used as a pulpwood yard only. Property is being used for the purpose of transferring & distribution of sludge. Property must be rezoned or operations cease. Contact Michael Morrison @ 325-5638 for further information within 14 days.

# of Photos ____ [ ] DL [ ] INITIAL   ALT #_____

One (1) Form per Job Site Inspection

**Penalties:** ZONING in accordance with act 630 general acts of 1967 a fine not more than $100.00 or 10 days in jail for EACH violation EACH day; WEED AND LITTER in accordance with Title 13A Criminal Code of Alabama 1975 13-5-4(c) 13A-5-7(b) 13A-5-12(b) a fine not exceed $200.00 and imprisonment in the county jail not to exceed 30 days Each day is a separate violation; EROSION CONTROL in accordance with Alabama code 11-45-9 a fine not less than $50.00 and more than $500.00 and imprisoned or sentenced to hard labor for a period not to exceed six months for each day of violation; FLOODPLAIN in accordance with act 119, Special Session 1971, fined not more than FIVE-HUNDRED DOLLARS ($500.00) per violation, and in addition shall pay all costs and expenses involved in the case EACH and EVERYDAY a separate violation