FILED
2017 Dec-22  PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SUMITON TIMBER COMPANY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.: 2:17-cv-01846-AKK** |
| **JEFFERSON COUNTY, ALABAMA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Sumiton Timber Company, Inc. ("Sumiton" or "Plaintiff"), for its first

amended complaint against Defendant, Jefferson County, Alabama ("County" or

"Defendant"), states as follows:

## INTRODUCTION

1.      This is a declaratory judgment action seeking a declaration that (a) the

restriction imposed by Jefferson County Zoning Ordinance Amendment Z–88–023 is

preempted under the express provisions of The Interstate Commerce Commission

Termination Act ("ICCTA"), 49 U.S.C. § 10501(b) (2012); (b) the restriction is an

unconstitutional invasion of property rights because it is arbitrary, capricious,

unreasonable, and not substantially related to the health, safety, and welfare of the

community; (c) the restriction is invalid because it unduly burdens Plaintiff and inhibits it

from leasing, selling, marketing, developing, or using the Property; (d) the restriction is

invalid because no rational purpose exists for limiting the use of the Property to a

pulpwood yard; and (e) the subject property may be used as an intermodal facility for biosolids in its present zoning classification of I-3.

## JURISDICTION AND VENUE

2.      This Complaint arises under the ICCTA, 49 U.S.C. § 10501(b). This complaint also arises under 42 U.S.C. § 1983.

3.      This Court has original jurisdiction pursuant 28 U.S.C. §§ 1331 and 2201. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the property that is the subject of this action is situated in this district.

## THE PARTIES

5.      Plaintiff Sumiton is a corporation formed under the laws of the State of Alabama with its principal place of business in Jefferson County, Alabama.

6.      Defendant is a political subdivision of the State of Alabama situated in the Northern District of Alabama, Southern Division.

## GENERAL ALLEGATIONS

7.      Sumiton is the owner of real property situated in Jefferson County, Alabama, described by the County as "Parcel ID #5-35-0-0-14 in Sec 35 Twp 15 Range 5W" (the "Property").

8.      The Property is located at 5570 Snowville-Brent Road.

9.      Sumiton acquired title to the Property in 1994.

10.     The Property is approximately 4.5 acres and contains a spur track off of the Norfolk-Southern rail line.

11.     Since Sumiton acquired title in 1994, the Property has been used for, among other things, the hauling and storage of scrap metal, railroad ties, and old cars.

12.     Sumiton has entered into a lease of the Property pursuant to which the tenant is using the Property as a rail yard to offload sealed intermodal shipping containers of biosolids from rail cars onto intermodal chassis trailers by a container-handling lift truck. The sealed and undisturbed containers are then transported by truck to a landfill for proper disposal and/or beneficial usage (composting).

13.     Sumiton's tenant operates the rail facility located on the Property as a transloader of biosolids pursuant to a contract with a rail carrier as part of the carrier's rail transportation service.

14.     The rail carrier, and not Sumiton's tenant, markets and collects payment for the intermodal rail transportation of biosolids.

15.     The containers offloaded at the Property have traveled through interstate commerce.

16.     The business of Sumiton's tenant is fully compliant with all applicable laws and regulations. The County, however, maintains that the business of Sumiton's tenant violates a restriction placed on the Property in 1988 by Jefferson County Zoning Ordinance Amendment Z–88–23 (the "Zoning Ordinance").

17.     In 1988, while the Property was owned by Georgia Kraft Co., the County rezoned the Property from A-1 (Agriculture) to I-3 (Industrial) conditioned on a

restrictive covenant being placed on the Property limiting its use to a "PULPWOOD YARD ONLY" (the "Restrictive Covenant").

18.    The Property has not been used as a pulpwood yard since at least 1994.

19.    At no time prior to 2017 did the County ever attempt to enforce the Restrictive Covenant.  The County allowed the Property to be used for many uses other than a pulpwood yard including the hauling and storage of scrap metal, railroad ties, and old cars.

20.    It was not until Sumiton began leasing the Property to a company for use as an intermodal facility for biosolids in 2017 that the County attempted to enforce the Restrictive Covenant.

21.    Upon learning that the Property was being used as intermodal facility, and that the Restrictive Covenant existed, the County told Sumiton that in order to continue that use the Property must be rezoned to I-O.  The County, and not Sumiton or its tenant, filled out the application for rezoning to I-O.

22.    Contrary to the County's representations to Sumiton and its tenant, an intermodal facility for biosolids may be operated in the I-3 zoning classification. Intermodal facilities are allowed in I-1 zoning classifications. (Doc. 8-5).  Uses allowed in I-1 are also allowed in I-3.

23.    The County has stated that the Property cannot be used as an intermodal facility for biosolids because of the odor.  However, the County's own investigation does not support this position.  "In an attempt to determine the appropriate zoning classification for which to advertise and notify, staff has made four (4) independent,

sporadic visits to the site.  **Only on one (1) occasion did staff observe odor beyond the subject property itself.**  Aside from facilities that give off obnoxious fumes and gases or involve transport of hazardous materials (again, note:  Class A & B biosolids are NOT considered 'hazardous'), intermodal facilities would otherwise be allowed in I-1 (Light Industrial) zoning districts."  (Doc. 8-5) (emphasis in original).

## CLAIM FOR RELIEF

24.     Sumiton is entitled to an order declaring that (a) the Restrictive Covenant and the County's Zoning Ordinance, as it applies to the Property, are preempted by the ICCTA; (b) the Restrictive Covenant is invalid; and (c) the Property may be used as an intermodal facility for biosolids in its present zoning classification of I-3.  Sumiton's claim for relief is based on the following theories:

## FEDERAL PREEMPTION

25.     The ICCTA created the Surface Transportation Board and granted it the exclusive jurisdiction over "the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State."  49 U.S.C. § 10501(b)(2).

26.     The Property and its rail spur are within the scope of § 10501(b).

27.     Sumiton's tenant is a third-party transloader operating under the auspices or control of a rail carrier within the scope of § 10501(a).

28.     Through the Restrictive Covenant in the Zoning Ordinance, the County is attempting to regulate rail transportation, which is preempted by the express language of § 10501(b).

Wherefore, Sumiton prays that this Court will enter an order declaring that the Restrictive Covenant and the County's Zoning Ordinance, as it applies to the Property, are preempted by the ICCTA.

## UNCONSTITUTIONAL INVASION OF PROPERTY RIGHTS

29.     The restriction imposed by the Zoning Ordinance is an unconstitutional invasion of Sumiton's property rights in violation of 42 U.S.C. § 1983.

30.     The restriction imposed by the Zoning Ordinance is arbitrary, capricious, and unreasonable and is not substantially related to the health, safety, or welfare of the community.

Wherefore, Sumiton prays that this Court will enter an order declaring the Restrictive Covenant to be invalid and unenforceable.

## ARBITRARY AND CAPRICIOUS APPLICATION OF THE ZONING ORDINANCE

31.     An intermodal facility for biosolids is allowed in an I-3 zoning classification.

32.     The restriction imposed by the Zoning Ordinance is an unreasonable restraint on the use of the Property.

33.     The restriction imposed by the Zoning Ordinance serves no purpose.

34.    The County's application of the Zoning Ordinance to the Property is not substantially related to the health, safety, or welfare of the community.

35.    The County is applying the Zoning Ordinance to the Property in an arbitrary and capricious manner so as to prevent a lawful use of the Property.

Wherefore, Sumiton prays that this Court will enter an order declaring that an intermodal facility for biosolids is allowed in an I-3 zoning classification.

## HARDSHIP

36.    The Restrictive Covenant serves no purpose.  To the extent the Restrictive Covenant ever served a purpose, the purpose for which the Restrictive Covenant was originally imposed has come to an end.

37.    No market exists for the property to be used or leased as a pulpwood yard.

38.    Enforcement of the Restrictive Covenant unduly burdens Sumiton Timber and inhibits it from leasing, selling, marketing, developing, or using the Property.

39.    No other land owner receives a substantial benefit from the enforcement of the Restrictive Covenant and the limitation to the use of the Property as a pulpwood yard.

Wherefore, Sumiton prays that this Court will enter an order declaring the Restrictive Covenant to be invalid and unenforceable.

## CHANGE OF CONDITIONS

40.    No rational purpose existed in 1988 for limiting the use of the Property to a pulpwood yard.

41.    No rational purpose now exists for limiting the use of the Property to a pulpwood yard.

42.     The pulpwood business has changed dramatically since 1988.

43.     No paper mills are in close enough proximity to make use of the Property exclusively as a pulpwood yard practical or economically viable.   Moreover, the pulpwood industry has changed since the 1980's such that pulpwood used for paper mills is trucked directly from the forest to the paper mills and does not typically go through pulpwood yards.

Wherefore, Sumiton prays that this Court will enter an order declaring the Restrictive Covenant to be invalid and unenforceable.


                                        //s// Michael B. Odom
                                Michael B. Odom (asb-9033-d59m)
                                Frederick D. Clarke (asb-0368-f20m)
                                Attorneys for Plaintiff
                                Sumiton Timber Company, Inc.


OF COUNSEL:

RUMBERGER, KIRK, & CALDWELL, P.C.
Renasant Place
2001 Park Place, Suite 1300
Birmingham, Alabama 35203
Telephone:  205.327.5550
Facsimile:  205.326.6786
modom@rumberger.com
fclarke@rumberger.com

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 22nd day of December, 2017 served a true and correct copy of the foregoing on the following via the Court's CM/ECF electronic filing system:

T.A. Lawson II
Brent G. Grainger
Brady Rigdon
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203

/s/Michael B. Odom
OF COUNSEL

**ATTORNEY GENERAL OF ALABAMA TO BE SERVED PURSUANT TO ALA. CODE § 6-6-227 VIA CERTIFIED MAIL AS FOLLOWS:**

Attorney General Steven T. Marshall
State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36104

10726060.2