FILED

2018 Jan-05  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SUMITON TIMBER COMPANY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:17-cv-01846-AKK** |
| | ) | |
| **JEFFERSON COUNTY, ALA.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT
## FOR DECLARATORY JUDGMENT

**COMES NOW** Defendant Jefferson County, Alabama, a political subdivision of the State of Alabama, ("the County" or "Defendant") and in response to the First Amended Complaint for Declaratory Judgment ("Complaint") filed by Plaintiff Sumiton Timber Company, Inc., ("Plaintiff") states as follows:

### ANSWER

Defendant answers the allegations in the Complaint by denying all allegations not expressly admitted. Defendant further states that it answers the allegations contained in the Complaint on the basis of information currently available to it and expressly reserves the right to amend its answer as it obtains additional information. Defendant further states that this answer is subject to and without waiver of the arguments set out in Defendant's Motion to Dismiss pertaining to Plaintiff's federal

preemption claim.  As to each of the specific allegations, Defendant responds as follows:

## INTRODUCTION

1.     The introductory statement set out in Paragraph 1 of the Complaint does not require a response from Defendant.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief in any form.

## JURISDICTION AND VENUE

2.     As set out in Defendant's Motion to Dismiss, Defendant denies that the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10501(b), is applicable, denies that this matter arises under the ICCTA, and denies that this Court has federal question jurisdiction pursuant to the ICCTA.  To the extent Plaintiff purports to assert a deprivation of a federal constitutional right, which it has not clearly done, Plaintiff's claim would be brought pursuant to 42 U.S.C. § 1983. Except as thus stated, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.     As set out in Defendant's Motion to Dismiss, Defendant denies that the ICCTA is applicable, denies that this matter arises under the ICCTA, and denies that this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201 on the basis of such a claim.  To the extent Plaintiff purports to assert a deprivation of a

federal constitutional right, which it has not clearly done, the Court would have original jurisdiction over a 42 U.S.C. § 1983 claim.  To the extent the Court has original jurisdiction in this matter, the Court would have supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Except as thus stated, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant does not contest venue to the extent the Court has jurisdiction.

## THE PARTIES

5.      Defendant admits that Plaintiff is an Alabama corporation.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Defendant admits that it is a political subdivision of the State of Alabama.

## GENERAL ALLEGATIONS

7.      Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10.     Based upon information and belief, Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies same.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that in 1988 the subject property was rezoned with the consent of the owner and/or its authorized agent from A-1 (Agriculture) to I-3 (Industrial) for compliance for use as a pulpwood yard and that the property owner

4

and/or its authorized agent agreed to the imposition of a restrictive covenant for pulpwood yard only in conjunction with the rezoning to I-3.  Except as thus stated, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.    Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.    Defendant received complaints about the operations at the property and, upon investigation, discovered that the use of the property was in violation of Jefferson County Zoning Ordinance Amendment Z-88-023.  Except as thus stated, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.    Defendant admits that in order to use the property as a transfer facility for biosolids, the property had to be rezoned to I-O (Obnoxious Odors).  Except as thus stated, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.    Defendant admits that the request to rezone the subject property from I-3 with restrictions to I-O (Obnoxious Odors) to allow for the use of the property as a

transfer facility for biosolids was denied by Defendant.  Defendant admits that offensive and obnoxious odors originating from the subject property were observed beyond the subject property.  Except as thus stated, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## CLAIM FOR RELIEF

24.     Defendant denies that Plaintiff is entitled to any of the relief requested and further denies that Plaintiff is entitled to any relief in any form.

## FEDERAL PREEMPTION

25.     The allegations in Paragraph 25 of the Complaint contain legal conclusions that do not call for a response from Defendant.  To the extent a response is required, as set out in Defendant's Motion to Dismiss, the ICCTA is inapplicable to this matter.

26.     Subject to and without waiving the arguments set forth in its Motion to Dismiss, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Subject to and without waiving the arguments set forth in its Motion to Dismiss, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Subject to and without waiving the arguments set forth in its Motion to

Dismiss, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

Subject to and without waiving the arguments set forth in its Motion to Dismiss, in answering the Paragraph beginning "Wherefore," Defendant denies that the ICCTA is applicable to this matter, denies that the ICCTA preempts Defendant's zoning ordinances, and denies that Plaintiff is entitled to any of the requested relief from Defendant.

## UNCONSTITUTIONAL INVASION OF PROPERTY RIGHTS

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

In answering the Paragraph beginning "Wherefore," Defendant denies that Plaintiff is entitled to any of the requested relief from Defendant and further denies that Plaintiff is entitled to any relief in any form.

## ARBITRARY AND CAPRICIOUS APPLICATION OF THE ZONING ORDINANCE

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

In answering the Paragraph beginning "Wherefore," Defendant denies that Plaintiff is entitled to any of the requested relief from Defendant and further denies that Plaintiff is entitled to any relief in any form.

## **HARDSHIP**

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the

Complaint.

In answering the Paragraph beginning "Wherefore," Defendant denies that Plaintiff is entitled to any of the requested relief from Defendant and further denies that Plaintiff is entitled to any relief in any form.

## **CHANGE OF CONDITIONS**

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations contained in Paragraph 43 of the Complaint.

In answering the Paragraph beginning "Wherefore," Defendant denies that Plaintiff is entitled to any of the requested relief from Defendant and further denies that Plaintiff is entitled to any relief in any form.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses and affirmative defenses without assuming the burden of proof for such defenses that would otherwise rest with

Plaintiff.

## FIRST DEFENSE

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, consent, ratification, waiver, acquiescence, and/or laches.

## FOURTH DEFENSE

Jefferson County pleads the general issue and pleads not guilty.

## FIFTH DEFENSE

Plaintiff's claims are or may be barred as a result of Plaintiff's failure to pursue or exhaust available administrative remedies.

## SIXTH DEFENSE

Plaintiff's claims are or may be barred as a result of Plaintiff's illegal conduct and actions.

## SEVENTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, to the extent

Plaintiff failed to comply with the statutory notice of claim procedures set out in § 6-5-20 and § 11-12-1, *et seq.*, of the Code of Alabama.

### EIGHTH DEFENSE

Plaintiff lacks standing to assert some or all of its claims against Defendant.

### NINTH DEFENSE

Plaintiff's claims are or may be barred because it has failed to join necessary and indispensable parties.

### TENTH DEFENSE

Plaintiff's claims are or may be barred because it has failed to do equity.

### ELEVENTH DEFENSE

Plaintiff's claims are or may be barred to the extent Plaintiff failed to comply with the requirements of § 6-6-227, Code of Alabama, which are both mandatory and jurisdictional.

### TWELFTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate its damages or harm.

### THIRTEENTH DEFENSE

Plaintiff's claims are or may be barred under the doctrines of unclean hands or *in pari delicto* or both.

## FOURTEENTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statutes of limitation.

## FIFTEENTH DEFENSE

At all relevant times hereto, Jefferson County acted reasonably and fairly and at no time acted arbitrarily, unreasonably, or capriciously.

## SIXTEENTH DEFENSE

Jefferson County denies that Plaintiff was denied due process, either procedural or substantive, and further denies that Plaintiff's property rights have been unconstitutionally invaded.

## SEVENTEENTH DEFENSE

Jefferson County asserts that the zoning ordinance and restrictive covenant at issue have a substantial and reasonable relationship to the promotion of health, safety, morals, and general welfare of the community.

## EIGHTEENTH DEFENSE

Jefferson County asserts the defense of immunity in whichever form it may be available, either absolute, qualified, or good faith.

## NINETEENTH DEFENSE

Plaintiff's alleged injuries, damages, or harm are or may be barred, in whole

or in part, as a result of Plaintiff's failure to cooperate with Jefferson County.

### TWENTIETH DEFENSE

Plaintiff purchased or otherwise acquired title to the subject property with knowledge of the applicable zoning ordinance and restrictive covenant.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are or may be barred because Plaintiff acted unreasonably and inequitably, without good faith, and has knowingly disregarded applicable zoning restrictions.

### TWENTY-SECOND DEFENSE

Jefferson County asserts that the restrictive covenant is necessary for the promotion of health, safety, morals, and general welfare of the community.

### TWENTY-THIRD DEFENSE

Jefferson County asserts that the zoning restrictions at issue have not unduly burdened Plaintiff.

### TWENTY-FOURTH DEFENSE

Jefferson County asserts that a property with an I-3 zoning classification cannot be used as an intermodal facility for biosolids.

### TWENTY-FIFTH DEFENSE

Jefferson County reserves the right to assert additional defenses of which it

learns through the course of discovery.

Respectfully submitted,

/s/ Brent G. Grainger
Theodore A. Lawson II
Brent G. Grainger
F. Brady Rigdon
Attorneys for Jefferson County

Office of the Jefferson County Attorney
280 Jefferson County Courthouse
716 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
Tel.:          (205) 325-5688
Fax:          (205) 325-5840
Email:       lawsont@jccal.org
                graingerb@jccal.org
                rigdonb@jccal.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January, 2018, I electronically filed the foregoing with the Clerk of Court using the CM-ECF system which will send notification of same to the following:

Michael B. Odom, Esq.
Frederick D. Clarke, Esq.
Rumberger Kirk & Caldwell, PC
Renasant Place
2001 Park Place, Suite 1300
Birmingham, Alabama 35203

/s/ Brent G. Grainger
Assistant County Attorney

14